IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DALVIR SINGH and | § | |
| AMANDEEP KAUR | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | CASE NO. 4:11cv607 |
| | § | Judge Clark/Judge Mazzant |
| JP MORGAN CHASE BANK, NA, | § | |
| CHASE HOME FINANCE, LLC, IBM | § | |
| LENDER BUSINESS PROCESS | § | |
| SERVICES, INC., FEDERAL NATIONAL | § | |
| MORTGAGE ASSOCIATION, and | § | |
| BARRETT DAFFIN FRAPPIER TURNER | § | |
| & ENGEL, L.L.P. | § | |
| | § | |
| *Defendants.* | § | |

## ORDER ADOPTING REPORT AND
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On July 31, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that defendant's Motion for Summary Judgment [Doc. #48] be granted. On August 14, 2012, plaintiffs filed objections [Doc. #68]. On August 31, 2012, defendant filed a response to plaintiffs' objections [Doc. #71] .

Plaintiffs generally object that the partial performance exception to the statute of frauds applies to this case. Specifically, plaintiffs object to the finding that plaintiffs' payments under the trial payment plan were not valid consideration. However, plaintiffs fail to cite to any Texas authority to support their contention, instead relying upon cases from other states. Plaintiffs next

1

object to the Magistrate Judge's report that the trial payment plan was unenforceable under the statute of frauds. Plaintiffs reargue the same arguments made before the Magistrate Judge and fail to establish a material fact issue that would allow the partial performance exception avoid application of the statute of frauds. Plaintiffs fail to cite the court to any case where the partial performance exception was applied to enforce an oral modification of a loan agreement that is unenforceable under the statute of frauds.

Plaintiffs next object that the report recommended dismissal of plaintiffs' claim for unilateral contract when defendant only raised the issue in a footnote. Plaintiffs make the same objection to the recommended dismissal of plaintiffs' anticipatory breach of contract. The Magistrate Judge addressed this issue and rejected any problem with defendant raising the issue in a footnote. The Magistrate Judge did not condone moving for summary judgment in a footnote, but found that the plaintiffs' contractual claims all lacked merit. The court agrees and sees no error. Plaintiffs' unilateral contract claim fails for the same reasons that plaintiffs' partial performance argument fails. The same is true for plaintiffs' anticipatory breach of contract claim.

Plaintiffs next object to the report regarding their unreasonable efforts and TDCA claims. Plaintiffs argue that the independent injury rules does not prevent recovery and that they presented evidence of non-contractual damages. The court agrees with the Magistrate Judge. Plaintiffs have failed to demonstrate that they have a tort claim that arises outside of the contractual duties of the parties. Plaintiffs' claims revolve around defendant's alleged promise to modify plaintiffs' obligations under the loan documents. Plaintiffs also failed to offer summary judgment evidence that they suffered extra-contractual damages.

Plaintiffs also object to the Magistrate Judge's report that plaintiffs' claim for unreasonable

collections efforts should be dismissed. Plaintiffs assert that the Magistrate Judge applied a more stringent standard, and that application of the proper standard would lead to a different result. The Magistrate Judge relied upon the definition from *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857 (Tex. App.--Dallas 2008. no pet.). Plaintiffs mistakenly argue that a lender's negligence can give rise to the intentional tort of unreasonable collection practices. The court has consistently applied the EMC standard. *See Watson v. Citimortgage*, Inc., 814 F. Supp. 2d 726, 734 (E.D. Tex. 2011); *Henry v. Citimortgage*, No. 4:11-CV-83, 2011 WL 2261166, at *4 (E.D. Tex. May 10, 2011); *Burnette v. Wells Fargo Bank, N.A.*, No. 4:09-CV-370, 2011 WL 676955, at *6 (E.D. Tex. Jan. 27, 2011).

Plaintiffs also generally object to the Magistrate Judge's recommended dismissal of the TDCA and declaratory judgment claims. Plaintiffs offer no substance to these general objections. The court finds no error.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by plaintiffs [Doc. #68], as well as defendant's response [Doc. #71], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that defendant JPMorgan Chase Bank, N.A., individually and as successor by merger to Chase Home Finance LLC's Motion for Summary Judgment [Doc. #48] is **GRANTED,** and plaintiffs' claims against this defendant are **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **7** day of **September, 2012.**

_____

Ron Clark, United States District Judge