IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DALVIR SINGH and | § | |
| AMANDEEP KAUR | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | CASE NO. 4:11cv607 |
| | § | Judge Clark/Judge Mazzant |
| JP MORGAN CHASE BANK, NA, | § | |
| CHASE HOME FINANCE, LLC, IBM | § | |
| LENDER BUSINESS PROCESS | § | |
| SERVICES, INC., FEDERAL NATIONAL | § | |
| MORTGAGE ASSOCIATION, and | § | |
| BARRETT DAFFIN FRAPPIER TURNER | § | |
| & ENGEL, L.L.P. | § | |
| | § | |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On July 31, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that defendants' Motion for Final Summary Judgment [Doc. #49] be granted. On August 14, 2012, plaintiffs filed objections [Doc. #67]. On August 29, 2012, defendants filed a response to plaintiffs' objections [Doc. #70].

Plaintiffs object to the recommendation to dismiss all claims, when defendants and the report failed to specially address plaintiffs' claims for anticipatory breach of contract and malice. Plaintiffs argue that a summary judgment cannot be upheld on any ground not presented in the summary judgment motion, citing *John Deere Co. v. American Nat. Bank, Stafford*, 809 F.2d 1190, 2292 (5th

1

Cir. 1987). Defendants respond that other than listing "anticipatory breach of contract" in the title of their complaint and stating in conclusory fashion that defendants committed an anticipatory breach, plaintiffs wholly failed to address or assert anticipatory breach of contract as an independent cause of action in their complaint. Plaintiffs' argument is misplaced. The Magistrate Judge did not *sua sponte* raise issues not asserted in defendants' motion for summary judgment. Plaintiffs fully briefed the issues raised in defendants' motion, and the Magistrate Judge recommended dismissal of the breach of contract claim. This same reasoning supports dismissal of the anticipatory breach of contract claim. Moreover, plaintiffs did not assert this claim as a separate claim, but instead tied both claims together. No error occurred, and the court agrees that the claim should be dismissed.

With regard to a claim for malice, defendants assert that malice is not an independent cause of action, but is a claim for exemplary damages. Defendants are correct that since plaintiffs are not entitled to any compensatory damages, or relief in any form, they would not be entitled to exemplary damages. Dismissal of the claim of malice was not error.

Plaintiffs next object that even if the required notice had been sent to them, the notices were withdrawn by representation that the loan modification process would take place and that their loan would be modified. Plaintiffs' argument is misplaced. The court has found that there is no basis for a claim for loan modification. All required notices were sent. The court finds no error.

Plaintiffs next object to the findings that the statute of frauds precludes plaintiffs' breach of contact claim. Specifically, plaintiffs object to the finding that plaintiffs' payments under the trial payment plan were not valid consideration. However, plaintiffs fail to cite to any Texas authority to support their contention, instead relying upon cases from other states. Plaintiffs next object to the Magistrate Judge's report that the trial payment plan was unenforceable under the statute of

frauds. Plaintiffs reargue the same arguments made before the Magistrate Judge and fail to establish a material fact issue that would allow the partial performance or promissory estoppel exceptions avoid application of the statute of frauds. Plaintiffs fail to cite the court to any case where the partial performance exception was applied to enforce an oral modification of a loan agreement that is unenforceable under the statute of frauds.

Plaintiffs also object to the Magistrate Judge's report that plaintiffs' claim for unreasonable collections efforts should be dismissed. Plaintiffs assert that the Magistrate Judge applied a more stringent standard, and that application of the proper standard would lead to a different result. The Magistrate Judge relied upon the definition from *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857 (Tex. App.--Dallas 2008. no pet.). Plaintiffs mistakenly argue that a lender's negligence can give rise to the intentional tort of unreasonable collection practices. The court has consistently applied the EMC standard. *See Watson v. Citimortgage*, Inc., 814 F. Supp. 2d 726, 734 (E.D. Tex. 2011); *Henry v. Citimortgage*, No. 4:11-CV-83, 2011 WL 2261166, at *4 (E.D. Tex. May 10, 2011); *Burnette v. Wells Fargo Bank, N.A.*, No. 4:09-CV-370, 2011 WL 676955, at *6 (E.D. Tex. Jan. 27, 2011).

Plaintiffs also generally object to the Magistrate Judge's recommended dismissal of the TDCA, declaratory judgment, and other equitable relief claims, and suit to quiet title and trespass to try title. Plaintiffs offer no substance to these general objections. The Magistrate Judge provided reasons for dismissing these claims. The court finds no error.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by plaintiffs [Doc. #67], as well as defendants' response [Doc. #70], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that defendants Seterus, Inc. f/k/a Lender Business Process Services, Inc. and Federal National Mortgage Association's Motion for Summary Judgment [Doc. #49] is **GRANTED,** and plaintiffs' claims against these defendants are **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **7** day of **September, 2012.**

_____
Ron Clark, United States District Judge